GORDON E. GOUVEIA
ggouveia@shawfishman.com
SHAW FISHMAN GLANTZ & TOWBIN LLC
321 N. Clark St., Suite 800
Chicago, Illinois 60654
Telephone: (312) 980-3816
Facsimile: (312) 980-3888

MICHAEL I. GOTTFRIED (State Bar No. 146689)
mgottfried@lgbfirm.com
ALEKSANDRA ZIMONJIC (State Bar No. 210252)
azimonjic@lgbfirm.com
ROYE ZUR (State Bar No. 273875)
rzur@lgbfirm.com
LANDAU GOTTFRIED & BERGER LLP
1801 Century Park East, Suite 700
Los Angeles, California 90067
Telephone: (310) 557-0050
Facsimile: (310) 557-0056

Attorneys for Defendant Alan Hirsch

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sensa Products (assignment for the benefit of creditors), LLC, a California Limited Liability Company, as assignee of Sensa Products, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>Alan Hirsch, an individual, and DOES 1-20 inclusive,<br><br>Defendants. | Case No. 2:15-cv-07117-GHK<br><br>**DEFENDANT ALAN HIRSCH'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR: (1) BREACH OF CONTRACT (2) RESTITUTION (3) FRAUDULENT CONVEYANCE (ACTUAL FRAUD) (4) FRAUDULENT CONVEYANCE (CONSTRUCTIVE FRAUD) (5) PREFERENTIAL TRANSFER AND COUNTERCLAIM**<br><br>Hon. George H. King |

_LANDAU GOTTFRIED & BERGER LLP_
_ATTORNEYS AT LAW_
_LOS ANGELES, CALIFORNIA_

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:**

Defendant Alan Hirsch (the "Defendant") hereby responds to the *Complaint For: (1) Breach Of Contract (2) Restitution (3) Fraudulent Conveyance (Actual Fraud) (4) Fraudulent Conveyance (Constructive Fraud) (5) Preferential Transfer* (the "Complaint") filed by Sensa Products (assignment for the benefit of creditors), LLC, a California Limited Liability Company, as assignee of Sensa Products, LLC, a Delaware Limited Liability Company (the "Plaintiff") and submits his Affirmative Defenses to the Complaint:[1]

1.      The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 1 of the Complaint and on that basis denies each of the allegations set forth therein.

2.      The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 2 of the Complaint and on that basis denies each of the allegations set forth therein.

3.      The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 3 of the Complaint and on that basis denies each of the allegations set forth therein.

4.      The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 4 of the Complaint and on that basis denies each of the allegations set forth therein.

5.      The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 5 of the Complaint and on that basis denies each of the allegations set forth therein.

6.      The Defendant lacks sufficient knowledge or information to enable him

---

[1] The Fifth Cause of Action in the Complaint was dismissed with prejudice by Order of the Court dated March 2, 2016 [Doc. 17].  Therefore, this Answer does not respond to paragraphs 69 through 76 of the Complaint.

1

to form a belief about the truth of the allegations in paragraph 6 of the Complaint and on that basis denies each of the allegations set forth therein.

7.      The Defendant admits the allegations in paragraph 7 of the Complaint.

8.      The Defendant admits only that he is a resident of Riverwoods, Illinois. The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 8 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

9.      The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 9 of the Complaint and on that basis denies each of the allegations set forth therein.

10.      The Defendant admits only that he consented to the exclusive jurisdiction of state and federal courts located in Los Angeles County with respect to legal actions arising out of or related to the Operating Agreement.  The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 10 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

11.      The Defendant admits only that he waived any objection to venue in state and federal courts located in Los Angeles County with respect to legal actions arising out of or related to the Operating Agreement.   The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 11 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

12.      The Defendant admits only that he held a 10% membership interest in Sensa and Intelligent Beauty held a 90% membership interest in Sensa.  The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 12 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

13.      The Defendant admits only that he signed the Operating Agreement

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2

and that Exhibit "2" to the Complaint appears to be a copy of the Operating Agreement and five amendments thereto. The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 13 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

14. The Defendant admits only that (a) in exchange for 100 units in Sensa, Hirsch contributed to Sensa as his initial capital contribution the primary intellectual property required for Sensa's business and technology operations, consisting of an exclusive license to use certain patents owned by the Defendant, and any future worldwide patents or utility models filed or invented by the Defendant, as set forth in the License Agreement between the Defendant and Sensa, so that Sensa might develop, market and sell the Products (as defined in the Operating Agreement), and (b) the Defendant entered into a Consultant Agreement with Sensa to perform certain services to ensure that the technology was implemented successfully by Sensa. The Defendant denies the remaining allegations in paragraph 14 of the Complaint.

15. The Defendant admits only that the original Operating Agreement provided that "Net Profits shall be allocated as follows: first to IBI until the Note is repaid in full; and second, to the Members in proportion to their Percentage Interest, subject to the Advance repayment requirements set forth in Section 6.5 below." The Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16. The Defendant admits the allegations in paragraph 16 of the Complaint.

17. The Defendant denies the allegations in paragraph 17 of the Complaint.

18. The Defendant admits only that the fifth amendment to the Operating Agreement dated as of April 1, 2012 modified section 6.5 of the Operating Agreement to provide, among other things, that "(a) Beginning on April 1, 2012, the Company shall make monthly Advance payments to Hirsch in equal payments of $150,000 per month. (b) all future distribution payments to Hirsch shall be set off

3

and applied by the Company directly to repayment of outstanding Advances, until such Advances are paid back to the Company in full by Hirsch. (c)… the Company shall make, as an Advance payment to Hirsch, the amount equal to Hirsch's Tax Liability for such time period… [and] (e) In the event that the Company is dissolved pursuant to Section 9.1(b), Hirsch shall not be required to repay Advances to the Company." The Defendant denies the remaining allegations in paragraph 18 of the Complaint.

19.    The Defendant denies the allegations in the first sentence of paragraph 19 of the Complaint.  The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 19 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

20.    The Defendant denies the allegations in the last sentence of paragraph 20 of the Complaint.  The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 20 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

21.    The Defendant denies the allegations in the last sentence of paragraph 21 of the Complaint.  The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 21 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

22.    The Defendant denies that he received approximately $94,909 in Distributions and at least $3,071,600 in Advances from Sensa in Fiscal Year 2012. The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 22 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

23.    The Defendant denies the allegations in the last sentence of paragraph

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

4

23 of the Complaint.  The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 23 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

24.     The Defendant admits only that he received $600,000 from Sensa in 2014.  The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 24 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

25.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 25 of the Complaint and on that basis denies each of the allegations set forth therein.

26.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 26 of the Complaint and on that basis denies each of the allegations set forth therein.

27.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 27 of the Complaint and on that basis denies each of the allegations set forth therein.

28.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 28 of the Complaint and on that basis denies each of the allegations set forth therein.

29.     The Defendant denies the allegations in paragraph 29 of the Complaint, except the Defendant admits that the Hirsch Study was not double blind.

30.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 30 of the Complaint and on that basis denies each of the allegations set forth therein.

31.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 31 of the Complaint

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   and on that basis denies each of the allegations set forth therein.

2       32.     The Defendants admits that Exhibit "4" to the Complaint is a copy of

3   the FTC Settlement, and the Defendant denies any of the allegations in paragraph 32

4   of the Complaint inconsistent therewith.

5       33.     The Defendant repeats and incorporates by reference the foregoing

6   responses to paragraphs 1 through 32 as if fully set forth herein.

7       34.     The Defendant admits the allegations in paragraph 34 of the Complaint.

8       35.     The Defendant denies the allegations in paragraph 35 of the Complaint.

9       36.     The Defendant lacks sufficient knowledge or information to enable him

10  to form a belief about the truth of the allegations in paragraph 36 of the Complaint

11  and on that basis denies each of the allegations set forth therein.

12      37.     The Defendant admits only that he signed the Operating Agreement.

13  The Defendant lacks sufficient knowledge or information to enable him to form a

14  belief about the truth of the remaining allegations in paragraph 37 of the Complaint

15  and on that basis denies each of the remaining allegations set forth therein.

16      38.     The Defendant admits only that he signed the Operating Agreement, as

17  amended, governed Sensa's obligations to the Defendant.  The Defendant denies the

18  remaining allegations in paragraph 38 of the Complaint.

19      39.     The Defendant lacks sufficient knowledge or information to enable him

20  to form a belief about the truth of the allegations in paragraph 39 of the Complaint

21  and on that basis denies each of the allegations set forth therein.

22      40.     The Defendant denies the allegations in paragraph 40 of the Complaint

23      41.     The Defendant denies the allegations in paragraph 41 of the Complaint,

24  except the Defendant admits that he was entitled to certain monthly "Advances"

25  from Sensa pursuant to section 6.5 of the Operating Agreement.

26      42.     The Defendant lacks sufficient knowledge or information to enable him

27  to form a belief about the truth of the allegations in paragraph 42 of the Complaint

28  and on that basis denies each of the allegations set forth therein.

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

43.     The Defendant denies the allegations in paragraph 43 of the Complaint.

44.     The Defendant denies the allegations in paragraph 44 of the Complaint.

45.     The Defendant denies the allegations in paragraph 45 of the Complaint.

46.     The Defendant repeats and incorporates by reference the foregoing responses to paragraphs 1 through 45 as if fully set forth herein.

47.     The Defendant denies the allegations in paragraph 47 of the Complaint.

48.     The Defendant denies the allegations in paragraph 48 of the Complaint.

49.     The Defendant denies the allegations in paragraph 49 of the Complaint.

50.     The Defendant denies the allegations in paragraph 50 of the Complaint.

51.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 51 of the Complaint and on that basis denies each of the allegations set forth therein.

52.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 52 of the Complaint and on that basis denies each of the allegations set forth therein.

53.     The Defendant denies the allegations in paragraph 53 of the Complaint.

54.     The Defendant denies the allegations in paragraph 54 of the Complaint.

55.     The Defendant denies the allegations in paragraph 55 of the Complaint.

56.     The Defendant repeats and incorporates by reference the foregoing responses to paragraphs 1 through 55 as if fully set forth herein.

57.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 57 of the Complaint and on that basis denies each of the allegations set forth therein.

58.     The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 58 of the Complaint and on that basis denies each of the allegations set forth therein.

59.     The Defendant admits only that he received payments from Sensa of approximately $2.5 million in 2012 and $2 million in 2013, a substantial portion of

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

which was used to pay income taxes.  The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the remaining allegations in paragraph 59 of the Complaint and on that basis denies each of the remaining allegations set forth therein.

60.   The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 60 of the Complaint and on that basis denies each of the allegations set forth therein.

61.   The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 61 of the Complaint and on that basis denies each of the allegations set forth therein.

62.   The Defendant denies the allegations in paragraph 62 of the Complaint.

63.   The Defendant denies the allegations in paragraph 63 of the Complaint.

64.   The Defendant repeats and incorporates by reference the foregoing responses to paragraphs 1 through 63 as if fully set forth herein.

65.   The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 65 of the Complaint and on that basis denies each of the allegations set forth therein.

66.   The Defendant lacks sufficient knowledge or information to enable him to form a belief about the truth of the allegations in paragraph 66 of the Complaint and on that basis denies each of the allegations set forth therein.

67.   The Defendant denies the allegations in paragraph 67 of the Complaint.

68.   The Defendant denies the allegations in paragraph 68 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each purported claim therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LANDAU GOTTFRIED & BERGER LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or part by the doctrine of *in pari delicto*.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant was a good faith transferee and provided value for each and every payment that he received from Sensa.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant has a right of setoff against Plaintiff with respect to amounts due and owing to the Defendant as set forth in the Defendant's Proof of Claim dated April 15, 2015. This includes approximately $39,000 for non-reimbursed legal fees and costs incurred for prosecution and maintenance of licensed intellectual property; $1,050,000 for unpaid Advances for the period of April 2014 through October 2014; and additional, unliquidated amounts based on Sensa's breach of the License Agreement and failure to return the intellectual property to the Defendant.

### DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully prays for judgment as follows:

1. That the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Defendant on all claims;

3. That Defendant be awarded his costs and attorney's fees; and

4. For such other and further relief as the Court may deem just and proper.

Dated: March 23, 2016

SHAW FISHMAN GLANTZ & TOWBIN LLC
Gordon E. Gouveia

-and-

LANDAU GOTTFRIED & BERGER LLP
Michael I. Gottfried
Aleksandra Zimonjic
Roye Zur

By: _____
Attorneys for Defendant Alan Hirsch

9